John L. Stanford and Judith A. Stanford [1] v. Commissioner. Stanford v. Commissioner
Docket Nos. 5619-70 SC, 5656-70 SC.
United States Tax Court
T.C. Memo 1971-192; 1971 Tax Ct. Memo LEXIS 140; 30 T.C.M. (CCH) 788; T.C.M. (RIA) 71192; August 5, 1971, Filed John L. Stanford, pro se, 1000 Peach St., Apt. 103, Arlington, Tex.John W. Dierker, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: Respondent determined a deficiency of $159.19 in petitioners' Federal income tax for 1968 and a deficiency of $598.29 in petitioner John L. Stanford's Federal income tax for 1967. The issues for decision are whether in the taxable year 1967 John L. Stanford and in the taxable year 1968 the petitioners provided over half *141 of the total support for Bobby, the son of John L. Stanford, thus entitling him and them to claim a dependency exemption deduction for Bobby under sections 151 and 152. [2]
Findings of Fact Some of the facts have been stipulated and they are so found. John L. Stanford and Judith A. Stanford resided in Tarrant County, Texas when they filed their petitions. John L. Stanford and Velma Stanford Wooten were divorced in August 1966. There was one child of that marriage, a son, Bobby, born January 6, 1966. Under the divorce decree legal custody was given to Velma. John contributed $60 per month for support of Bobby pursuant to the decree of divorce. During the taxable years 1967 and 1968, he contributed a total of $720 in each year for the support of Bobby. John and Velma had an informal agreement that they would alternately claim the dependency exemption deduction every other year. When Velma remarried her new husband would not go along with the informal agreement. During the year 1967, petitioner's son Bobby resided with his maternal grandparents at Lawton, Oklahoma for a period of 10 months. *142 During the year 1968, Bobby resided with his mother who remarried in that year. Velma did not work in 1967 but she worked for the Murdock Corporation in 1968. Her income in 1967 is not known. Her compensation from her employment in 1968 is not known. Velma's husband, Mr. Wooten, worked for the telephone company in 1968 but his compensation in 1968 from that employment is not known. The total amount of support supplied to Bobby in 1967 by his mother or his materal grandparents and in 1968 by his mother or stepfather is not known. Ultimate Findings of Fact John did not provide $1,200 or more for the support of Bobby in 1967 or 1968. John did not provide over one half of the total amount for the support of Bobby during the 789 taxable year 1967. Petitioners did not provide over one half of the total amount for support of Bobby during the taxable year 1968. Opinion Petitioners' claim to Bobby Stanford as a dependent for the year 1967 and 1968 was disallowed by respondent in reliance upon section 152(e)(1) and (2) of the Code. John contributed only $720 in support of Bobby during each year at issue. Velma, and not John, is entitled to custody under the divorce decree. The *143 statute, section 152(e)(1) creates a presumption in the case of divorced parents that the parent to whom custody of a dependent child is given contributes over half such dependent's support. The noncustodial parent may overcome this presumption by showing support payments of $1,200 or more in the taxable year where the custodial spouse does not clearly establish payment of a greater amount. This he has failed to do. John argues that since Bobby resided for 10 months in 1967 with his maternal grandparents, Velma did not have custody of the child. We do not agree; she had legal custody and there is no evidence that she abandoned the child. We hold that on this record Velma had custody of Bobby in 1967. Even if Velma did not have custody of Bobby in 1967, John failed to show the total amount of support for Bobby from all sources in 1967 the consequence of which is that the sum constituting more than half the support of Bobby in that year cannot be determined. We further hold that John L. Stanford for the taxable year 1967 and John L. Stanford and Judith A. Stanford for the taxable year 1968 are not entitled to the dependency deduction claimed for Bobby because they did not provide *144 over half of his total support for those periods. Reviewed and adopted as the report of the Small Tax Case Division. Decisions will be entered for the respondent. Footnotes
1. John L. Stanford, Docket No. 5656-70 SC was consolidated herewith for purposes of trial, briefing and opinion.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩